KORN, Appellant,

v.

**OHIO STATE MEDICAL BOARD, Appellee.**

[Cite as *Korn v. Ohio State Medical Bd.* (1991), 71 Ohio App.3d 483.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–455.

Decided March 21, 1991.

*Martin, Pergram, Browning & Parker Co., L.P.A.*, and *Stephen D. Martin,* for appellant.

*Lee I. Fisher,* Attorney General, *Rachel L. Belenker, John C. Dowling,* and *Christopher J. Culley,* for appellee.

WHITESIDE, Judge.

This is an appeal by appellant, David C. Korn, D.O., from a judgment of the Franklin County Court of Common Pleas denying his application for attorney fees pursuant to R.C. 119.12 and 2335.39, following his successful appeal to the court of common pleas and this court of an order of appellee, State Medical Board of Ohio. The state had revoked appellant's license to practice osteopathic medicine and surgery, and the common pleas court reversed the order and remanded for further proceedings upon only one of the four original charges brought before the board. This court affirmed the judgment of the common pleas court. See *Korn v. Ohio State Medical Bd.* (1988), 61 Ohio App.3d 677, 573 N.E.2d 1100.

Korn's single assignment of error is that "[t]he trial court erred in denying appellant's motion for attorney's fees." However, he also refers to two issues, the first being whether he is a "prevailing eligible party" under the

statutory authority, the second being whether the medical board was substantially justified in initiating the four charges. An additional issue is whether he is entitled to the full amount of his attorney fees or only to a pro rata portion thereof, if the other issues are resolved in his favor.

On April 8, 1987, the State Medical Board entered an order adopting the report and recommendation of the hearing member of the board and revoked Korn's license to practice osteopathic medicine and surgery, but stayed such revocation subject to a five-year probationary period upon some thirteen terms and conditions. The order was predicated upon multiple findings of unprofessional conduct. This order was appealed to the court of common pleas which, on January 21, 1988, rendered a decision finding there to be reliable, probative, and substantial evidence only with respect to the board finding that Korn left his practice without giving due notice to his patients. The court specifically found there to be no reliable, probative, and substantial evidence to support the board's finding that Korn was in violation of R.C. 4731.22(B)(3). The judgment entry differs somewhat from the decision and held that:

" * * * [T]he Order of the State Medical Board of Ohio is affirmed to the extent that it finds a violation of Ohio Rev.Code sec. 4731.22(B), is reversed as to the finding of a violation of Ohio Revised Code sec. 4731.22(B)(3), and is reversed pertaining to alleged illegal substance abuse, and the issue of penalty is remanded for further consideration of the State Medical Board of Ohio * * *."

Although this order is somewhat ambiguous as to what was affirmed, it is clear that Korn "prevailed" as to any findings of alleged substance abuse under R.C. 4731.22(B)(3), and also as to the penalty imposed by the State Medical Board. On the other hand, the State Medical Board prevailed upon the question of Korn's leaving his practice without giving due notice to his patients. This was explained by the opinion which was incorporated by reference into the judgment entry as being the predicate for the affirmance as to one violation. Within thirty days after the entry of the trial court's judgment, the State Medical Board filed a notice of appeal to this court, but Korn did not. However, Korn did file a notice of cross-appeal within ten days after the appeal by the State Medical Board but more than thirty days after the entry of the judgment. The day before the State Medical Board filed its notice of appeal Korn filed a motion in the trial court for attorney fees pursuant to R.C. 119.12 and 2335.39, as well as R.C. 119.09, which was not heard until after the affirmance by this court of the trial court's order reversing in part the findings of the State Medical Board, reversing the penalty imposed and remanding the matter for further consideration by the State Medical Board as to penalty.

The trial court referred the matter for hearing before a referee, who rendered a report recommending a finding that Korn is not a prevailing eligible party within the definition of R.C. 2335.39(A), since he did not have a "complete victory," that R.C. 2335.39(B)(2) does not permit an "allocation" of attorney fees for a partially successful party, and that the state was substantially justified in bringing the administrative disciplinary process because it partially prevailed upon appeal. Actually, the referee made a single finding as to the meaning of the statute, which constitutes the foundation for all three recommendations. Since such foundation has no support, all three recommendations fall with the collapse of the foundation.

Although some reference has been made to R.C. 119.092, the only issue before us and properly raised by the motion filed in the common pleas court is the question of whether Korn is entitled to attorney fees pursuant to R.C. 119.12 and 2335.39. The legislature has made provision for the payment by the state of attorney fees in those cases where the state initiates an administrative action upon which an aggrieved party prevails on appeal to the court pursuant to R.C. 119.12, which reads in pertinent part:

" * * * The court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section."

R.C. 2335.39 reads in pertinent part as follows:

"(A) As used in this section:

" * * *

"(2) 'Eligible party' means a party to an action or appeal involving the state, other than the following:

" * * *

"(5) 'Prevailing eligible party' means an eligible party that prevails in an action or appeal involving the state.   * * *

" * * *

"(B)(1) Except as provided in divisions (B)(2) and (F) of this section * * * in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal.   * * * "

Although there are some exceptions to a party's being an eligible party (one being having a net worth of over a million dollars), the trial court made a factual finding that none of the exceptions applied. The state has not appealed from this factual determination. Additionally, a review of the record

reveals there to be no evidentiary basis for a finding other than that Korn is an eligible party within the meaning of R.C. 2335.39(A)(2).

■ To be entitled to an award of attorney fees, a party must not only be an eligible party but also must be a prevailing party. As indicated above, "prevailing eligible party" is defined as merely meaning an eligible party who prevails in his appeal.

■ Although it is somewhat difficult under the circumstances before us to find that Korn did not prevail both in his appeal to the common pleas court and to this court, the referee found that he did not prevail because he did not have "complete victory." Apparently the referee is under the misconception that, to be a prevailing party upon appeal, one must be successful in having the entire matter dismissed and terminated in his favor upon appeal. In other words, the referee's conception apparently is that, if there be a remand of the matter, the appellant cannot be a prevailing party, even though he has been afforded virtually all that he sought upon the appeal. Not only is this illogical, but it does not follow from the provisions of R.C. 119.12.

For the state to have been the prevailing party upon the appeal of its adjudication order by Korn, there would have to have been an affirmance of its order. Instead, a substantial portion of its findings were reversed and its order vacated. The matter was remanded to the board for further proceedings only with respect to punishment upon the one charge as to which the common pleas court did not reverse, the factual finding of the board. Nevertheless, as indicated above, the order itself was vacated by the common pleas court, although that precise language was not used, the court instead saying "reversed in part and affirmed in part and remanded for the entering of a new order." The referee attempts to piecemeal the appellate decision, as well as the board's order. This may be appropriate in determining attorney fees, but it has no place in determining who is the prevailing party, especially since, as Korn points out, he prevailed on the sole charge that initiated the proceedings even though three additional charges were later added, and the trial court upon appeal found that the evidence supported a finding only upon one of these.

■ A party who appeals an order or judgment and prevails to the extent that he obtains a new trial, or a modification of the judgment, is a "prevailing party" within the contemplation of R.C. 2335.39. There is nothing in that section that requires a finding that a prevailing party on an appeal is limited to one who succeeds in having a "complete victory," which presumably means having the entire matter determined in his favor without a remand to the tribunal from which the appeal is taken for further proceedings.

Even assuming there to be some logic to the referee's conclusion with respect to who is a prevailing party in an action, such conclusion does not apply upon appeal. Rather, the situation is similar to one making three claims against an adversary and prevailing on only two. Under such circumstances, he is the prevailing party, even though he did not have total victory. That essentially is the situation here: Korn prevailed in his appeal, even though he failed to achieve total victory.

The referee made two other findings, one being that the board was substantially justified, and the other being that attorney fees could not be awarded on a pro rata basis. As to the substantially justified issue, the referee bootstrapped his prevailing-party finding to make the substantially justified finding. In other words, the referee found that the state prevailed on one of the charges and, therefore, was substantially justified with respect to all. The referee's reasoning here is predicated upon his prior conclusion that Korn was not a prevailing party on appeal, and, thus, the state was a prevailing party and was substantially justified in initially bringing the charges for that reason. Had the trial court initially made such a determination, necessarily, the trial court would have affirmed the board order, rather than reversing or vacating that order and remanding for a redetermination of sanctions predicated solely upon a single, somewhat minor, charge, when compared to the gravity of the ones with respect to which the common pleas court expressly reversed the findings of the board. Upon remand, it will be necessary for the common pleas court to review the evidence to determine whether the state has sustained its burden of proving that it was substantially justified in initiating the matter in controversy or that special circumstances make an award unjust. The referee found that there was no evidence that Korn in any way engaged in conduct that unduly and unreasonably protracted the final resolution of the matter.

■ As to reduced attorney fees, R.C. 2335.39(B)(2)(b) does provide for a reduced award of attorney fees under some circumstances. More importantly, R.C. 2335.39(A)(3) defines fees as "reasonable attorney's fees, in an amount not to exceed seventy-five dollars per hour or a higher hourly fee approved by the court." R.C. 2335.39(B)(2) provides that the trial court shall determine the amount of attorney fees to be awarded, but also provides that the court may "reduce the amount of an award that otherwise would be payable, to a prevailing eligible party only as follows: * * *." In other words, the trial court, in making the determination of the amount of attorney fees, if any, which should be awarded to Korn, must necessarily take into account all the factors involved, including whether he conceded factual issues

concerning the matter upon which the trial court found there to be evidentiary support or whether he unduly prolonged the litigation with respect to this matter. Additionally, the trial court must find the amount of attorney fees that were reasonably expended with respect to the matters as to which Korn was successful on appeal.

The board makes a further contention that, as to the original appeal to this court, Korn also was not a prevailing party because he filed a notice of cross-appeal. To the extent, if any, this be relevant to a final determination, there is no merit to the board's contention. First, the record reflects that Korn did not make a timely appeal from the common pleas court determination reversing in part the board order and remanding the order to that board for further proceedings. Rather, Korn filed a cross-appeal more than thirty days after the entering of the judgment of the common pleas court, but within ten days after the appeal by the board from that judgment. In other words, it is quite clear that, if the board had not appealed, there could have been no cross-appeal by Korn.

In any event, inasmuch as the common pleas court erred in finding Korn not to be a prevailing party and, predicated thereon, finding that the board was substantially justified, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McCORMAC and PEGGY BRYANT, JJ., concur.