OPINION.
The defendant-appellants, IF Insulation Company, Inc. (a.k.a. IF Insulation, Inc.), Grant W. Kirby, Barry Kirby, and Priority 1 Construction Services, Inc., appeal from the order of the trial court awarding the plaintiffs-appellees, Dr. Jeffrey Parker and Miriam Parker, attorney fees for defending against a prior appeal in this case, as well as interest accrued during the pendency of the appeal on the attorney fees awarded after trial. In its three assignments of error, IF challenge both the fees and the interest, including the court's use of a multiplier to increase the attorney fees awarded for the prior appeal. For the reasons that follow, we reverse the trial court's order.
 I.
This case involves a home-improvement project gone awry. The Parkers, seeking someone to repaint their home, consulted the Yellow Pages and saw IF's advertisement stating that the company was "license/bonded" and "state certified" for lead-paint removal, while meeting both "EPA and OHSA Standards." IF and the Parkers then entered into a contract to remove lead paint and to install insulation at the Parkers' home. Work began in July of 1994, and by that November, after complaints by the Parkers concerning what they perceived to be the inadequacy of the company's equipment, the training of its personnel, and the quality of its work, IF's workers walked off the job. According to the Parkers, they were left with damage to the house, lead-containing debris strewn about the property, the loss of sixty custom shutters, and a barrel of hazardous waste sitting in the yard.
The Parkers brought suit, asserting the following claims: breach of contract, fraudulent inducement, conversion, intentional exposure to hazardous waste, intentional infliction of emotional distress, and violation of the Consumer Sales Practices Act. An amended complaint added allegations of invasion of privacy; fraudulent transfer of assets (between IF and its successor, Priority 1 Construction Services, Inc.); and a claim that Grant Kirby was the "alter-ego" of both corporations.
A jury rendered verdicts in favor of the Parkers in the following amounts on the following claims:
 (1) breach of insulation contract: no compensatory damages;
 (2) breach of lead-paint-removal contract: $76,604.13 in compensatory damages;
 (3) fraudulent inducement: $13,595 in compensatory damages and $20,000 in punitive damages;
 (4) conversion of shutters: $1,392.60 in compensatory damages and $1,000 in punitive damages;
 (5) intentional exposure to hazardous waste: $15,000 in compensatory damages and $50,000 in punitive damages; and
 (6) violation of the Ohio Consumer Sales Practices Act: $13,595.
After trial, the Parkers filed a motion to modify certain of these damage awards. The motion was styled as one to "conform the jury's verdict to the evidence" and for "additur." Specifically, the motion asked that the trial court enter judgment for $3,542 on the breach-of-insulation-contract claim and for $76,604.13 on the claim brought under the Consumer Sales Practice Act. As grounds for the latter request, the Parkers argued that the award under the Act should be identical to the damages for the breach-of-paint-removal-contract claim. Over the objections of IF, the trial court granted the Parkers' motion. The newly revised award ($76,604.13) for a violation of the Act was then trebled, in accordance with R.C. 1345.09, for a total award of $229,812.39.
IF then appealed to this court, raising eight assignments of error. A portion of the second assignment, as well as the third and fourth assignments of error, was sustained. The fourth assignment of error specifically challenged the trial court's granting of the Parkers' motion to conform the jury's verdict to the evidence and for additur. Although we expressly noted that "[o]ur resolution of this assignment of error stems directly from the content of the Parkers' May 6, 1996, motion," more precisely it stemmed from what was missing: "a request for relief, such as a motion for judgment notwithstanding the verdict or for a new trial, sufficient to provide the trial court with the necessary authority to disregard the findings of the jury." Accordingly, we held that the trial court lacked the power to modify the jury's verdict "[b]ecause the Parkers * * * failed to provide the trial court with a legally recognized means of doing so, and instead merely requested that the trial court enter judgment in the amount they specified."
On remand to the trial court, the Parkers filed a motion "to assess interest and for attorney's fees connected to the successful appeal." In their motion, the Parkers asked for post-judgment interest on the damage awards affirmed by this court. These awards amounted to $153,376.73. They asked additionally for post-judgment interest on the attorney-fee award of $176,150 affirmed by this court. Finally, the Parkers noted that they had expended additional attorney fees "to preserve the judgment rendered" on appeal and asked for an award for these fees as well. Specifically, they requested a lodestar of $16,318.50, representing what they claimed as the fees expended upon issues they were successful in defending on appeal, with a multiplier of 1.5, for a total of $24,477.75. In an order dated May 13, 1998, the trial court awarded the Parkers attorney fees for the prior appeal and post-judgment interest on the attorney fees awarded after trial. It is from this order that IF brings the present appeal.
 II.
In its first assignment of error, IF challenges the award of attorney fees for the previous appeal. IF assails the award on two separate grounds. In order to understand the first, it is necessary to examine the basis upon which the Parkers sought and were granted the fees.
In their motion requesting attorney fees for the previous appeal, the Parkers cited only a single authority, the decision of the Montgomery County Court of Appeals in Tanner v. Tom HarriganChrysler Plymouth Inc. (1991), 82 Ohio App.3d 764, 613 N.E.2d 649
(Tanner I). The case dealt with an issue of first impression whether that part of the Consumer Sales Practices Act codified in R.C. 1345.09(F) authorized the trial court to award additional fees for appellate work. The statute provides in pertinent part that if the supplier has knowingly violated the Act, then "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed * * *."
Reasoning that the Act was remedial in nature and should be liberally construed, the Tanner I court interpreted the language "work reasonably performed" to include attorney fees for appellate work. The court determined that this conclusion was necessary to fulfill the legislative purpose of encouraging consumers to bring claims no matter how relatively small the damages.
A subsequent appeal of the same case was brought after the trial court refused to grant additional appellate attorney fees.Tanner v. Tom Harrigan Chrysler Plymouth, Inc. (1992), 82 Ohio App.3d 767,613 N.E.2d 650 (Tanner II). The reason that the trial court gave was that the matter raised in the previous appeal, the propriety of attorney fees for appellate work under R.C.1345.09(F), was one of first impression and involved substantial argument. The court of appeals found no abuse of discretion in this reasoning. The court further noted that the trial court's refusal to award appellate attorney fees could have been justified because the appellant had already been awarded a substantial amount of attorney fees throughout the course of the action, including fees for the original appeal, and because there was "nothing to indicate that appellee's appeal was the result of mere intransigence on its part." Id. at 769, 613 N.E.2d at 652.
We concur with the court in Tanner I that attorney fees for appellate work may be awarded under R.C. 1345.09(F). As the court in Tanner I observed, this conclusion is consistent with the legislative purpose of making consumer actions worthy of the expense. Ohio courts of appeals have reached the same conclusion with respect to the Ohio Landlord-Tenant Act, which allows for the recovery of reasonable attorney fees when the landlord wrongfully withholds a portion of the security deposit, under essentially the same rationale. See, e.g., Breault v. Williamsburg Estates (Nov. 21, 1986), Lucas App. No. L-86-116, unreported; Burroughs v.Douglas (Dec. 8, 1983), Cuyahoga App. No. 46030, unreported. Other states have reached the same conclusion under similar consumer legislation. See Gonzales v. Van's Chevrolet, Inc.
(D. 1980), 498 F. Supp. 1102; Linthirum v. Archambault (1979),379 Mass. 381, 398 N.E.2d 482; Volkswagen of America, Inc. v. Licht
(Tex.Civ.App. 1976), 544 S.W.2d 442.
One issue implicitly decided but not analyzed in Tanner I is the propriety of a trial court awarding attorney fees incurred before an appellate court. We have found no cases discussing the issue at all in the context of the Consumer Sales Practice Act. The courts have addressed the issue under the Landlord-Tenant Act, however. Cases can be found endorsing the view that the trial court has authority to award appellate attorney fees, see Christiev. GMS Management Co. Inc. (Jan. 20, 1999), Summit App. No. 18992, unreported, as well as the contrary view that such fees must be sought from the appellate court as part of the costs of the appeal under App.R. 24.[1] Burroughs v. Douglas (Dec. 8, 1983), Cuyahoga App. No. 46030, unreported; see, also, Christie v. GMSManagement Co. Inc. (Jan. 20, 1999), Summit App. No. 18992, unreported (Carr, J., concurring). At times, both views have been endorsed, suggesting that they are not mutually exclusive. See, e.g., Breault v. Williamsburg Estates (1986), Lucas App. No. CVF83-14502, unreported.
At first blush, it would seem that the trial court would be in the least advantageous position to evaluate attorney fees generated by the appellate process. However, the weight of authority holds that the trial court is in a better position to resolve any factual disputes that may arise through evidentiary hearings and discovery. See, e.g., Kelley v. Metropolitan Cty.Bd. of Edn. (C.A.6, 1985), 773 F.2d 677, 682; Northcross v.Board of Edn. Of Memphis City Schools (C.A.6, 1979),611 F.2d 624, 637. As observed by one court:
 Where an appellate court has concurrent jurisdiction with the trial court on such applications, the better practice is that they be made and heard in the trial court. That tribunal already possesses some information useful in making an intelligent decision on that subject. It is better suited to conduct evidentiary hearings necessary to evaluate the reasonableness of resulting fees * * *.
 While an appellate court has directly observed some of the services provided by appellate counsel, a trial court may be equally able to evaluate the quality of such services with the assistance of expert testimony. Most services by litigating counsel on the trial or appellate level are performed outside the presence of any court. * * *
Lee v. Lee (1983), 10 Ohio App.3d 113, 116, 460 N.E.2d 710, 714.
We have found no cases, moreover, that suggest a jurisdictional impediment to the trial court awarding appellate attorney fees, provided there is statutory authorization. The trial court's exercise of jurisdiction in this matter would not conflict with our own since such an award would necessarily come after the appellate process is complete. The same prevailing party would not be foreclosed from making a timely application for this court to award appellate attorney fees as costs under App.R. 24. We hold, therefore, that both procedures are available.
We reject IF's argument that Tanner I and Tanner II are inapplicable because the subject of its fourth assignment of error in the previous appeal was not the Act itself, but the procedural propriety of the trial court's granting of the additur. It is true that IF did not challenge whether the Act had been violated, or the amount of the original jury award, or the statutory trebling of damages. However, IF did challenge the amount of the final judgment under the Act. It elevates form over substance to suggest that because the amount of the award was overturned on a procedural rather a substantive basis, the appeal was not part of the process of litigating a claim under the Act. To credit such an assertion would eviscerate the legislative purpose of encouraging consumers to go forward with claims regardless of the expense of hiring an attorney.
We find persuasive, however, IF's second argument, that the award of appellate attorney fees was improper because the company not the Parkers—was the prevailing party, at least on that part of the appeal that dealt with the Act. As IF points out, the company was successful on appeal in reducing the award for a violation of the Act (after the trebling of damages) from $229,812.39 to $40,785. In view of this result, IF argues, it cannot be said that the Parkers were the "prevailing party" on appeal. The Parkers challenge this argument by citing case law that holds that a consumer who is awarded either rescission or damages meets the definition of a "prevailing party" under R.C.1345.09(F). Brenner Marine, Inc. v. George Goudreau, Jr., Trust
(Jan. 13, 1995), Lucas App. No. L-93-077, unreported. Brenner, however, addresses only the definition of a "prevailing party" in the trial court.
In Korn v. State Medical Bd. (1991), 71 Ohio App.3d 483,594 N.E.2d 720, a case cited by IF, the court addressed the particular issue of when a party can be said to have prevailed on appeal. The issue arose in the context of an appeal of an order of the State Medical Board and a consequent application for attorney fees under R.C. 119.12 and 2335.39. The latter statute specifically provides for appellate attorney fees to be awarded to the "eligible prevailing party" in a civil action against the state. The court held that, for the state to be the prevailing party as the appellee, there must be an affirmance of its order.Id. at 487, 594 N.E.2d at 723. Conversely, the court held that, for the citizen to be the prevailing party as an appellant, the appeal must result in either a new trial or a modification of thejudgment. Id. The court specifically rejected the idea that a prevailing party must achieve "complete victory" after noting that there was nothing in either statute to indicate such a requirement. Id.
Although the Parkers seek to dismiss Korn as inapplicable because of the different statutory context in which the case arose, they offer no reason why the court's logic should not be persuasive here. Obviously a "prevailing party" has a different meaning on appeal than it does at trial. We concur with the court in Korn that a "prevailing party" on appeal need not achieve total victory by having the judgment below reversed or vacated. The term "prevailing party" in the appellate context is a term of art rather than one subject to precise definition. It is, for example, entirely possible for a party to have its position validated on appeal and yet achieve little in terms of actual success. Where, as here, however, a party's assignment is validated and the judgment against it reduced by over 80 percent, we hold that the party has prevailed against the party defending the judgment.
We reject, therefore, the argument advanced by the Parkers that they were the prevailing party simply because some measure of the damage award under the Act survived the appeal. Such a literal view would essentially penalize an appellant achieving anything less than complete victory even though, as is the case here, the appeal was meritorious and achieved a substantial reduction of the judgment. The unfairness of such a rule is particularly illustrated in this case, where the procedural error that gave rise to the modification of the judgment was at the urging of the Parkers and in no way the fault of IF.
The Parkers argue alternatively that the award of appellate attorney fees was proper irrespective of R.C. 13345.09(F) under the American Rule, which permits an award of attorney fees upon a finding of conduct that is vexatious, wanton, obdurate, oppressive, or expressive of bad faith. We reject this argument for two reasons: first, it was not raised in the trial court, and, second, it is difficult to disparage an appeal as the product of intransigence when it is found to be meritorious.
It should be noted that the trial court limited the award of appellate attorney fees to only the work done on those issues upon which the Parkers prevailed. Such a piecemeal approach, however, begs the question of whether the Parkers were the prevailing party under R.C. 13345.09(F). As we alluded to previously, a party can prevail upon any number of assignments of error and still lose the one that gives rise to reversal or a substantial modification of the judgment. In such case, merely because the party successfully defended the judgment on other grounds does not make it the "prevailing party" under R.C. 13345.09(F).
We hold, therefore, that, in order to award appellate attorney fees under R.C. 13345.09(F), the petitioning party must be the "prevailing" party with respect to the overall appeal, and that, to be the "prevailing party," a party must achieve only substantial, not complete, victory. As IF achieved a substantial modification of the judgment rendered under the Act, the Parkers cannot be said to have prevailed upon appeal and were, therefore, not entitled to appellate attorney fees under R.C. 13345.09(F). As no other basis to award appellate attorney fees exists, the award of appellate attorney fees was in error.
 III.
IF also challenges that part of the trial court's order granting post-judgment interest on the attorney fees awarded after trial. The amount of the interest was $32,286.12. IF argues that "[n]o basis exists for the award" of such interest. Further, IF argues, the imposition of interest was punitive, penalizing the company for exercising its right to appeal.
The basis of the award of interest is R.C. 1343.03, which provides in pertinent part that "when money becomes due and payable upon * * * all judgments, decrees, and orders of any judicial tribunal for the payment of money arising from tortious conduct or other transaction, the creditor is entitled to interest at the rate of ten percent per annum." (Emphasis supplied.) The Parkers point out correctly that this section makes no exception for judgments awarding attorney fees, nor does it provide for judgments to be severed into component parts.
As for the argument that the imposition of post-judgment interest on attorney fees would penalize the appellant and discourage an appeal, the same can be said of all awards of post-judgment interest. As one court has noted, the way for a debtor to stop the running of interest during the pendency of an appeal is to tender unconditional payment in full of the judgment. See Moore v. Jock (1993), 90 Ohio App.3d 413, 415-416,629 N.E.2d 508, 510.
We hold the award of post-judgment interest on the attorney fees to be improper, however, for a reason neither party has discussed. That reason is that the attorney-fee award should have been taxed as court costs, upon which post-judgment interest may not be assessed.[2]
As the court noted in Drake v. Menczer (1980), 67 Ohio App.2d 122,124, 425 N.E.2d 961, 963, "[t]raditionally, when a statute authorizes the award of attorneys' fees, it does so by allowing the fees to be taxed as costs." See, e.g., R.C. 163.21, 309.13
and 733.61. The Drake court further pointed out that the same view is adhered to under federal laws that award attorney fees to the prevailing party. Id., citing Section 552(a)(4)(E), Title 5, U.S. Code (Freedom of Information Act); Section 1640 (a)(3), Title
15 U. 15, U.S. Code (Truth in Lending Act); Section 2000a-3(b), Title 42, U.S. Code (Civil Rights Act of 1964).
Under the same principle, Ohio courts have generally held that attorney fees awarded pursuant to R.C. 5321.16(C), a part of the Landlord-Tenant Act, are to be taxed as costs, not as damages.Lacare v. Dearing (1991), 73 Ohio App.3d 238, 241,596 N.E.2d 1097; Berlinger v. Suburban Apt. Mgmt. Co. (1982),7 Ohio App.3d 122, 126, 454 N.E.2d 1367; Kreps v. Pesina
(Aug. 2, 1996), Lucas App. No. L-95-377, unreported. In one such case, the appeals court specifically held that the trial court's judgment entry imposing post-judgment interest on both damages and attorney fees was in error since the latter should have been taxed as costs.Chaney v. Breton Builder Co., Ltd. (Dec. 4, 1998), Wood App. No. WD-98-017, unreported.
Accordingly, consistent with the traditional rule, we hold that the statutorily allowed attorney fees under the Consumers Sales Practices Act are to be taxed as costs, not awarded as damages. Accord Bittner v. Tri-County Toyota, Inc., 62 Ohio Misc.2d 345,350, 598 N.E.2d 925, 928 (attorney fees pursuant to R.C. 1345.09[F] are part of costs and not subject to the $10,000 municipal court jurisdictional limit). The trial court erred, therefore, by imposing post-judgment interest on the fees.Chaney, supra.
 IV.
Based on the foregoing analysis, we sustain IF's first assignment of error challenging the award of $24,477.75 in attorney fees for the previous appeal. The third assignment of error, challenging the multiplier used to arrive at that figure, is rendered moot. Finally, we sustain IF's second assignment of error challenging the award of post-judgment interest on the award of attorney fees generated at trial. The May 13, 1998, order of the trial court awarding the fees and imposing the interest is, accordingly, reversed.
Judgment reversed.
 DOAN, P.J., and SUNDERMANN, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] App.R. 24(B) defines costs to be awarded on appeal as including fees permitted by statute to be recovered by the prevailing party.
[2] It should be noted that pending H.B. No. 294, which amends R.C. 2335.19 and 2335.24, may alter this conclusion since it merges costs with damages in the judgment.