[Cite as *Parker v. I&F Insulation Co.*, 89 Ohio St.3d 261, 2000-Ohio-151.]

PARKER ET AL., APPELLANTS, *v.* I&F INSULATION COMPANY, INC. ET AL.,

APPELLEES.

[Cite as *Parker v. I&F Insulation Co.* (2000), 89 Ohio St.3d 261.]

*Consumer sales practices — Determining who is a "prevailing party" for purposes of an award of appellate attorney fees under R.C. 1349.09(F) — Party awarded attorney fees in accordance with R.C. 1345.09(F) is entitled to postjudgment interest on those fees in accordance with R.C. 1343.03(A).*

1.      A party "prevails" on appeal within the meaning of R.C. 1345.09(F) if it obtains a substantial modification of the trial court's judgment.

2.      A party awarded attorney fees under R.C. 1345.09(F) is entitled to postjudgment interest on those fees in accordance with R.C. 1343.03(A).

(No. 99-1473 — Submitted April 11, 2000 — Decided July 12, 2000.)

APPEAL from the Court of Appeals for Hamilton County, No. C-980502.

Appellants, Jeffrey and Miriam Parker, hired appellee I&F Insulation Company, Inc., to remove lead paint from their home and to install insulation in the home. Disputes between the parties arose, and I&F Insulation left the worksite having completed only part of the paint-removal project and none of the insulation project. According to the Parkers, I&F Insulation left debris containing high levels of lead on the Parkers' property, abandoned a barrel of hazardous waste in the Parkers' yard, and removed sixty custom shutters from the home and refused to return them.

The Parkers sued I&F Insulation Company, Inc., its parent company, its successor, and two of the company's principals (hereinafter referred to collectively as "I&F") on claims of breach of the two contracts, fraudulent inducement, conversion, intentional exposure to hazardous waste, intentional

infliction of emotional distress, violation of the Consumer Sales Practices Act, invasion of privacy, and fraudulent transfer of assets, along with claims that the owner of I&F Insulation was the alter ego of that entity. A jury trial resulted in a verdict for the Parkers on their claims of breach of insulation contract in the amount of $0 in compensatory damages, breach of paint-removal contract in the amount of $76,604.13 in compensatory damages, fraudulent inducement in the amount of $13,595 in compensatory and $20,000 in punitive damages, conversion in the amount of $1,392.60 in compensatory and $1,000 in punitive damages, intentional exposure to hazardous waste in the amount of $15,000 in compensatory and $50,000 in punitive damages, and violation of the CSPA in the amount of $13,595. The jury also found for the Parkers on their claims of fraudulent transfer and alter ego, but against them on their claims of intentional infliction of emotional distress and invasion of privacy.

The Parkers filed a motion to conform the damages award to the evidence on the breach-of-insulation-contract and CSPA claims, for treble damages on the CSPA claim, and for prejudgment interest. In addition, they filed a motion for attorney fees. I&F moved for a new trial based on evidentiary issues. The trial court granted the Parkers' motions and denied the motion by I&F. It then entered judgment according to the jury's verdict, but modified it to award damages of $3,542 on the insulation-contract claim; $76,604.13 on the CSPA claim, which it then trebled (pursuant to R.C. 1345.09) for a total of $229,812.39; $71,230.66 in prejudgment interest, with ten percent annual interest; $176,154 in attorney fees; and $12,533.43 in costs. The total amount of money awarded to the Parkers, excluding prejudgment interest, attorney fees, and costs, was thus $410,946.12.

I&F appealed the judgment to the court of appeals, asserting eight assignments of error. The court of appeals held that the trial court had lacked the power to modify the jury's verdict because the Parkers' motion had not provided a legal basis on which to do so, and remanded the action to the trial court. The

2

amount of the judgment that the court of appeals affirmed, therefore, was $153,376.13, leaving the Parkers with approximately thirty-seven percent of their original award.

On remand, the Parkers filed a motion in the trial court for, *inter alia*, postjudgment interest of $32,286.12 on the attorney fees awarded after trial. They also claimed to have been the prevailing party on appeal pursuant to R.C. 1345.09(F), and requested attorney fees for that appeal in the amount of $16,318.50, with a multiplier of 1.5, for a total of $24,477.75. The trial court granted the Parkers' motion for attorney fees for the appeal and for postjudgment interest on the attorney fees awarded after trial. I&F appealed these awards.

The court of appeals reversed both the appellate attorney fees and postjudgment interest awarded, holding that (1) the Parkers were not the "prevailing party" on the first appeal within the meaning of R.C. 1345.09(F), because I&F had achieved a "substantial modification of the judgment" on appeal, and (2) postjudgment interest could not be awarded on the attorney fees awarded after trial because those fees were "costs" as opposed to "damages" and were, therefore, not subject to the accrual of interest.

The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Dinsmore & Shohl, L.L.P., Mark Vander Laan, Anthony J. Celebrezze, Jr.,* and *Bryan E. Pacheco,* for appellants.

*Benjamin, Yocum & Heather, Anthony J. Iaciofano* and *Christopher J. Mulvaney,* for appellees.

_____

**COOK, J.** This case presents the following questions:

(1) Under the Consumer Sales Practices Act, how is a court to determine who a "prevailing party" is for purposes of an award of appellate attorney fees?

3

(2) Is a party entitled to postjudgment interest on an award of attorney fees under the Consumer Sales Practices Act?

## I.  PREVAILING PARTY ON APPEAL

R.C. 1345.09(F) provides that, in an action alleging a violation of the Consumer Sales Practices Act (R.C. Chapter 1345), a "prevailing party" may recover reasonable attorney fees if the consumer's action was groundless and brought (or maintained) in bad faith or if the supplier knowingly violated the Act. The parties, citing *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1991), 82 Ohio App.3d 764, 613 N.E.2d 649, do not dispute that appellate attorney fees are properly awarded to a "prevailing party" on appeal as well as at the trial level. Nor does this court find any reason to disagree with the *Tanner* court's holding that a prevailing party may recover appellate attorney fees in an action under R.C. Chapter 1345.[1] Rather, the parties are divided on the issue of whether the Parkers were the "prevailing party" in their appeal.  The Parkers assert that a party prevails on appeal if it preserves at least part of an original judgment in its favor, while I&F argues that a party prevails if it achieves a substantial modification of a judgment against it.  The text of the statute neither defines "prevailing party" nor provides criteria by which a party may be deemed to have "prevailed" on appeal.

I&F relies on *Korn v. State Med. Bd.* (1991), 71 Ohio App.3d 483, 594 N.E.2d 720, as support for its position that it was the prevailing party on appeal and that the court of appeals, therefore, properly reversed the trial court's award of appellate attorney fees to the Parkers.  In *Korn*, the plaintiff sued the State Medical Board of Ohio for appellate attorney fees in connection with his appeal of the revocation of his medical license.  In that appeal, Korn had obtained a reversal of three of the four original charges against him and a remand to the trial court of the fourth.  Claiming to be the prevailing party on appeal, Korn applied to the trial court for appellate attorney fees, relying on R.C. 119.12 and 2335.39. Subject to exceptions not pertinent in *Korn*, R.C. 119.12 mandates that the state

4

pay the attorney fees of an opposing prevailing party in an appeal of an administrative action initiated by the state. Under R.C. 2335.39, a *prevailing* party is one "that prevails in an action or appeal involving the state."

The trial court denied Korn's application, and he appealed. The Tenth District Court of Appeals, noting that "a substantial portion of [the Board's] findings were reversed and its order vacated," held that the plaintiff had prevailed on appeal: "A party who appeals an order or judgment and prevails to the extent that he obtains a new trial, or a modification of the judgment, is a 'prevailing party' within the contemplation of R.C. 2335.39." *Korn*, 71 Ohio App.3d at 487, 594 N.E.2d at 723. The court of appeals below, relying on *Korn*, held that a party could be awarded appellate attorney fees under R.C. 1345.09(F) if it was "the prevailing party with respect to the overall appeal." To be such, a party "must achieve only substantial, not complete, victory."

We agree with the court of appeals below because the "substantial-victory" test accords with the intent and purpose of the statutory allowance of attorney fees. As the court of appeals stated, deeming the consumer the prevailing party on appeal "simply because some measure of the damage award under the Act survived the appeal * * * would essentially penalize an appellant achieving anything less than a complete victory even though, as is the case here, the appeal was meritorious and achieved a substantial reduction of the judgment." See, also, *Payless Car Rental Sys., Inc. v. Draayer* (1986), 43 Wash.App. 240, 246, 716 P.2d 929, 933, and *Farmers Ins. Co. of Wash. v. Romas* (1997), 88 Wash.App. 801, 811-812, 947 P.2d 754, 759-760 (substantial-victory test applied to appeals in actions under state consumer protection law). Moreover, as the court of appeals below stated, "the procedural error that gave rise to the modification of the judgment was at the urging of the Parkers and in no way the fault of I&F." We hold that a party "prevails" on appeal within the meaning of R.C. 1345.09(F) if it obtains a substantial modification of the trial court's judgment.

5

The Parkers cite *Brenner Marine, Inc. v. George Goudreau, Jr. Trust* (Jan. 13, 1995), Lucas App. No. L-93-077, unreported, 1995 WL 12118, appeal not allowed (1995), 72 Ohio St.3d 1530, 649 N.E.2d 839, in support of their position. *Brenner* is instructive, assert the Parkers, because it provides the only definition to be found in Ohio case law of "prevailing party" within the meaning of the CSPA. In *Brenner*, the court held that a consumer is the "prevailing party" in a CSPA action if it is awarded either rescission or damages by the trial court. As I&F points out, however, *Brenner* was concerned with the definition of "prevailing party" only at the *trial court* level. It did not address the issue of who would be deemed the prevailing party on appeal if, as here, the consumer was awarded damages at trial and then the defendant obtained a substantial reduction of that award on appeal. On the other hand, *Korn*, even though it involved a different statute, did address this very issue:

"A party who appeals an order or judgment and prevails to the extent that he obtains a new trial, or a modification of the judgment, is a 'prevailing party' within the contemplation of R.C. 2335.39. There is nothing in that section that requires a finding that a prevailing party on an appeal is limited to one who succeeds in having a 'complete victory,' which presumably means having the entire matter determined in his favor without a remand to the tribunal from which the appeal is taken for further proceedings." *Korn* at 487, 594 N.E.2d at 723.

This reasoning applies here with equal force, regardless of the fact that the two cases involve different statutes. Having already concluded that R.C. 1345.09(F) allows for the award of appellate attorney fees to a party who prevails on appeal, we have effectively deemed the two statutes identical in that respect. We, therefore, affirm the court of appeals' holding that the Parkers were not the prevailing party on appeal and were thus not entitled to appellate attorney fees.

## II. POSTJUDGMENT INTEREST ON ATTORNEY FEES

6

The parties also ask us to decide whether postjudgment interest may be awarded for the Parkers' trial-level attorney fees. R.C. 1343.03(A) provides that judgment interest may be awarded on all "judgments, decrees, and orders of any judicial tribunal for the payment of money." Whether this applies to attorney fees in an action under R.C. Chapter 1345 is not explicitly addressed in the Code. According to the Parkers, the court of appeals' holding that such fees are "costs" and, therefore, do not permit interest to accrue, is erroneous because it encourages a losing party to withhold payment without consequences and penalizes the winning party by depriving it of the value of the fees prior to payment. I&F takes the position that there is statutory authority for the accrual of interest on damages (*e.g.*, judgments arising out of tortious conduct), but not on costs; therefore, attorney fees, being costs, do not accrue interest.

R.C. 1343.03(A) provides that, with certain exceptions not important here, "when money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct * * *, the creditor is entitled to interest at the rate of ten percent per annum * * *." The Parkers point out that this statute makes no exception for attorney fees, and argue that the failure to award interest on the fees allows a losing party to withhold payment without consequence. I&F asserts that postjudgment interest on attorney fees is not authorized by statute and would penalize it for exercising its right to appeal. The court of appeals below stated:

"We hold the award of post-judgment interest on the attorney fees to be improper, however, for a reason neither party has discussed. That reason is that the attorney-fee award should have been taxed as court costs, upon which post-judgment interest may not be assessed."

But a conclusion that attorney fees in this case are "costs" does not answer the question of whether postjudgment interest may accrue on them. The court of appeals cited a case from Ohio's Sixth Appellate District, *Chaney v. Breton*

7

*Builder Co., Ltd.* (1998), 130 Ohio App.3d 602, 720 N.E.2d 941. In *Chaney*, the appellant argued that the trial court had erroneously awarded the appellee attorney fees as part of the judgment and then ordered the appellant to pay postjudgment interest on the entire amount. The *Chaney* court, finding the trial court's order to be unclear, held that attorney fees are "to be taxed as costs, not as damages," *id.* at 607, 720 N.E.2d at 945, and entered "the judgment the trial court should have rendered, *i.e.*, that the $340 in attorney fees awarded * * * is hereby ordered taxed as court costs, and interest shall accrue at the rate of ten per cent per annum on only the $50 judgment awarded to appellee * * *." *Id.* at 609, 720 N.E.2d at 946.

     *Chaney* clashes with the modern trend that favors the awarding of postjudgment interest on attorney fees as a general rule. The Supreme Court of Florida, for example, held that "the burden of nonpayment is fairly placed on the party whose obligation to pay attorney fees has been fixed," and approved the reasoning of a lower court in another case that failure to award such interest "would be to penalize the prevailing party * * * for [the opposing party's] delay in paying the attorney's fees found due after their concession of liability upon settlement of the underlying claims; it would reward [the losing party] for continuing to contest [the prevailing party's] reimbursement of attorney's fees by allowing [the losing party] interest-free use of the money for more than a year. Such a result would be inconsistent with the intent and purpose of statutory provisions allowing attorney's fees to the prevailing party." *Quality Engineered Installation, Inc. v. Higley South, Inc.* (Fla.1996), 670 So.2d 929, 930, 931 (citing *Inacio v. State Farm Fire & Cas. Co.* [Fla.App.1990], 550 So.2d 92. 97-98). See, also, *Bailey v. Leatherman* (Fla.App.1996), 668 So.2d 232, 233.

     Similarly, courts in other states have determined that interest is appropriately awarded on attorney fees. See, *e.g.*, *Isaacson Structural Steel Co. v. Armco Steel Corp.* (Alaska 1982), 640 P.2d 812, 818 ("post-judgment interest is 'a form of compensating for the period that the [prevailing party] remains "less

than whole" ' "); *Gaulin v. Commr. of Pub. Welfare* (1986), 23 Mass.App.Ct. 744, 748-749, 505 N.E.2d 898, 901-902 (attorney fees should be awarded to successful civil rights plaintiffs because it would facilitate the "strong system of private enforcement of Federal civil rights" created by Congress) (affirmed, *Gaulin v. Commr. of Pub. Welfare* [1987], 401 Mass. 1001, 515 N.E.2d 583, 584). Accord *Nardone v. Patrick Motor Sales, Inc.* (1999), 46 Mass.App.Ct. 452, 453, 706 N.E.2d 1151, 1152. See, also, *In re Tucknall* (Bankr.D.Conn.1989), 94 B.R. 277, 279 (interpreting Connecticut's postjudgment interest statute).

Likewise, federal courts interpreting Section 1961, Title 28, U.S.Code, the analogous federal statute governing the payment of interest on civil judgments, are instructive. For example, the Ninth Circuit held in 1982:

"Title 28 U.S.C. section 1961 provides that '[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court' and that interest should run from the date of the entry of judgment. Although this court has never addressed the issue whether section 1961 applies to attorney's fees awards under 42 U.S.C. § 1988, it has concluded that section 1961 permits interest on attorney's fees awards in antitrust actions made pursuant to a similar attorney's fees statute. * * *

"We see no reason to distinguish between the two statutes in allowing interest on attorney's fees. Indeed, given the acknowledged purpose of section 1988 to encourage private actions to enforce civil rights statutes where a monetary judgment in such actions is often nominal or, as in this case, not available at all, * * * the justification for awarding interest on attorney's fees under section 1988 is stronger than in awards in antitrust actions where a prevailing plaintiff will usually recover damages." *Spain v. Mountanos* (C.A.9, 1982), 690 F.2d 742, 747-748.

In 1990, a federal district court even called the rule that interest is to be awarded on attorney fees "well-settled." *Jenkins v. Missouri* (W.D.Mo.1990),

9

731 F.Supp. 1437, 1438.  See, also, *Foley v. Lowell* (C.A.1, 1991), 948 F.2d 10, 22 ("considering the time value of the dollar, the only way in which a fee award will retain its stated worth is by adding interest in order to compensate for delay in payment from that point forward").  Accord *Rini v. United Van Lines, Inc.* (D.Mass.1995), 903 F.Supp. 234, 239.

We are convinced that the modern trend represents the better-reasoned view.  Not only does an award of postjudgment interest on attorney fees properly recognize the time value of money by making the prevailing party truly whole and preventing the nonprevailing party from enjoying the use of money that no longer rightfully belongs to it, but it also promotes the purposes of the CSPA.  These purposes include making private enforcement of the CSPA attractive to consumers who otherwise might not be able to afford or justify the cost of prosecuting an alleged CSPA violation, which, in turn, works to discourage CSPA violations in the first place via the threat of liability for damages and attorney fees.  See *Tanner*, 82 Ohio App.3d at 765-766, 613 N.E.2d at 650.

We hold, therefore, that a party awarded attorney fees under R.C. 1345.09(F) is entitled to an award of postjudgment interest on those fees in accordance with R.C. 1343.03(A).  We reverse the court of appeals' decision on this issue, and reinstate the trial court's award to the Parkers of postjudgment interest on their original attorney fees award.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., concurs in part and dissents in part.

## FOOTNOTE:

1. As the *Tanner* court observed at 765-766, 613 N.E.2d at 650:

"Under [R.C. 1345.09(F)] a trial court, in its discretion, may award a consumer reasonable attorney fees when the supplier in a consumer transaction intentionally commits an act or practice which is deceptive, unfair or unconscionable. *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 548 N.E.2d 933. The Consumer Sales Practices Act, R.C. Chapter 1345, is a remedial law designed to compensate for traditional consumer remedies and must be liberally construed pursuant to R.C. 1.11. *Id.* at 29, 548 N.E.2d at 935. Since recoveries under this Act are often small and generally insufficient to cover attorney fees, without an award of attorney fees many consumers would be persuaded not to sue. *Id.* at 30, 548 N.E.2d at 935-936. The legislative purpose of the section allowing an award of attorney fees was 'to prevent unfair, deceptive, and unconscionable acts and practices, to provide strong and effective remedies, both public and private, to assure that consumers will recover any damages caused by such acts and practices, and to eliminate any monetary incentives for suppliers to engage in such acts and practices.' (137 Ohio Laws, Part II, 3219.) Awarding attorney fees under the Act allows private redress of individual wrongs, but also may benefit the community generally because a judgment for the consumer may discourage violations of the Act by others. *Bittner v. Tri-County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464. 'Prohibiting private attorneys from recovering for the time they expend on a consumer protection case undermines both the purpose and deterrent effect of the Act.' *Id.* at 144, 569 N.E.2d at 465. " * * * The work of the attorney on appeal is part of the legal process of achieving and maintaining the judgment for the consumer. Disallowing attorney fees for appellate work undermines the purpose of the Act."

_____

**ALICE ROBIE RESNICK, J., concurring in part and dissenting in part**. I dissent from Part I of the majority opinion, but concur as to Part II.

11

_____

APPENDIX

R.C. 1345.09 provides:

"For a violation of Chapter 1345. of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:

"(A) Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages.

"(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.

"(C) In any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction.

"(D) Any consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates this chapter.

"(E) When a consumer commences an individual action for a declaratory judgment or an injunction or a class action under this section, the clerk of court shall immediately mail a copy of the complaint to the attorney general. Upon timely application, the attorney general may be permitted to intervene in any

private action or appeal pending under this section. When a judgment under this section becomes final, the clerk of court shall mail a copy of the judgment including supporting opinions to the attorney general for inclusion in the public file maintained under division (A)(3) of section 1345.05 of the Revised Code.

"(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:

"(1) The consumer complaining of the act or practice that violated this chapter has brought an action that is groundless, and the consumer filed or maintained the action in bad faith;

"(2) The supplier has knowingly committed an act or practice that violates this chapter."