JOURNAL ENTRY and OPINION
{¶ 1} Barbara Davis appeals from the trial court's summary judgment and attorney fees award in favor of Axelrod Chrysler Plymouth Incorporated (Axelrod) following Davis's claim that Axelrod violated the Consumer Sales Practices Act (CSPA). Davis assigns the following as errors for our review:
 {¶ 2} "The trial court erred when it granted Axelrod's motion forsummary judgment in appellant Davis's action against appellee forviolation of the Ohio Consumer Sales Practices Act.
 {¶ 3} "The trial court erred when it granted attorney fees forappellee Axelrod pursuant to the Ohio Consumer Sales Practices Act."
 {¶ 4} Having reviewed the record and pertinent law, we affirm summary judgment on Davis's CSPA claim and reverse the attorney fees award. The apposite facts follow.
 {¶ 5} Davis found an Axelrod advertisement featuring a 1997 Jeep Wrangler. Interested in purchasing that particular vehicle, Davis inspected and test-drove the Wrangler. Before purchasing the vehicle for $13,900, Davis noticed a "Sahara Edition" cover on the spare tire attached to the rear of the vehicle.
 {¶ 6} During the sales process, Davis signed several documents each describing the vehicle as a "Jeep Wrangler." No documentation or Axelrod employee represented the vehicle as a Sahara Edition.
 {¶ 7} Following purchase, Davis asked an Axelrod employee to reference a 1997 Jeep Wrangler Sahara Edition in Kelley's Blue Book. The employee complied and discovered a list price several thousand dollars above Davis' purchase price.
 {¶ 8} Several weeks later, Davis discovered her new vehicle is a standard Wrangler rather than a Wrangler Sahara Edition. Davis sued Axelrod under the CSPA arguing Axelrod deceived her by placing the Sahara Edition cover on the spare tire. Davis also claimed such conduct amounted to common law fraud. Even though Davis did not pay for a Sahara Edition, Davis sought $4,845 in damages based upon the difference between the price she paid for her Wrangler and the Kelley's Blue Book list price for a Wrangler Sahara Edition.
 {¶ 9} Axelrod moved for summary judgment arguing it did not deceive or defraud Davis. The trial court agreed and granted summary judgment in favor of Axelrod.
 {¶ 10} Axelrod then moved for attorney fees pursuant to R.C.1345.09(F) arguing Davis brought and maintained a groundless action in bad faith. The trial court agreed and awarded attorney fees to Axelrod. This appeal challenges the trial court's grant of summary judgment and Axelrod's award of attorney fees.
 {¶ 11} In her first assigned error, Davis argues the trial court erred by granting summary judgment because a genuine issue of material fact exists as to whether Axelrod violated the CSPA by selling her a Jeep Wrangler rather than a Jeep Wrangler Sahara Edition. We disagree.
 {¶ 12} We consider an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[3]
 {¶ 13} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] The movant may satisfy this burden with or without supporting affidavits, and must "point to evidentiary materials of the type listed in Civ.R. 56(E)."[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[6] In satisfying its burden, the non-movant "may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[7]
 {¶ 14} Rather than accepting either party's allegations as true, or interpreting divergent factual representations as genuine issues of material fact, we review the entire record and determine whether each party met their respective summary judgment burdens.
 {¶ 15} The Ohio Consumer Sales Practices Act, codified at R.C. 1345 et seq., sets forth standards of conduct for suppliers of consumer goods and makes certain deceptive practices actionable.
 {¶ 16} R.C. 1345.02 provides as follows:
 {¶ 17} "(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.
 {¶ 18} "(B) Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:
 {¶ 19} "* * *;
 {¶ 20} "(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;
 {¶ 21} "* * *."
 {¶ 22} R.C. 1345.02 does not require the alleged violator to intend or cognize the alleged violation; rather, "it is sufficient that the conduct complained of has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts."[8] This law intends to preclude or punish deceptive acts or practices which may likely induce a state of mind in the consumer that is discordant with fact.[9]
 {¶ 23} In moving for summary judgment, Axelrod argued it did not misrepresent the Jeep purchased by Davis, nor could it have deceived Davis because she held no expectation of purchasing a Sahara Edition and could not distinguish between the Jeep Wrangler editions. Further, Axelrod posits Davis suffered no damages because she did not pay for a Sahara Edition.
 {¶ 24} In support of its motion, Axelrod attached portions of Davis' deposition which support each of its arguments. Specifically, Davis stated the following: first, she did not expect to buy a Sahara Edition; second, at the time of purchase she did not know the difference between a Sahara Edition and any other Jeep Wrangler; third, she test-drove and inspected the vehicle; fourth, her salesperson did not represent the subject vehicle as a Sahara Edition; and fifth, the damages she claimed are presumably "the difference in what I thought I was getting in the Sahara." Further, Axelrod included certain exhibits which indicate Davis knowingly purchased a standard Wrangler rather than a Wrangler Sahara Edition.[10]
 {¶ 25} In setting forth these arguments and supporting evidence, Axelrod demonstrated it did not violate CSPA. Accordingly, Axelrod satisfied its initial summary judgment burden.
 {¶ 26} In response, Davis asserted it is irrelevant that she did not seek a Sahara Edition or even have the ability to distinguish a Sahara Edition from other Wrangler editions; rather, Davis maintained Axelrod's act of placing a Sahara Edition cover on the spare tire was deceptive, per se.
 {¶ 27} In support, Davis cites Fribourg v. Vandemark[11] in which the Twelfth District Court of Appeals of Ohio upheld an award of treble damages stemming from a CSPA violation. In Fribourg, the appellate court determined the sale of a standard Chevrolet Beretta automobile erroneously marked with a Beretta GT emblem violated the CSPA.
 {¶ 28} In the following manner, we distinguish Fribourg from the case at hand. First, the installation of an emblem seems more likely to indicate the type of vehicle than the placement of an accessory in the absence of any other indicators. Second, in Fribourg, the seller unduly profited by $800 to $1000 by selling a standard Beretta at a price commensurate with a Beretta GT model. In contrast, Axelrod did not make any undue profit; Axelrod sold Davis a standard Wrangler at a price commensurate with a standard Wrangler. For the foregoing reasonsFribourg is sufficiently distinguishable from the case at hand that it does not influence our present review.
 {¶ 29} Here, the only act which we may construe as deceptive is Axelrod's placement of the spare tire cover. We determine that such an act, in light of Davis' initial expectations and overwhelming documentation indicating the true nature of the vehicle, is not sufficiently deceptive to likely induce a consumer into a false belief actionable under the CSPA. Further, the fact that Axelrod sold the vehicle at its advertised and market price, demonstrates Axelrod did not deceive, or at the very least harm, Davis. Accordingly, Davis's first assigned error is without merit.
 {¶ 30} In her second assigned error, Davis argues the trial court erred by awarding attorney fees to Axelrod. We agree.
 {¶ 31} In reviewing the propriety of an attorney fees award we proceed under an abuse of discretion standard.[12]
 {¶ 32} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[13]
 {¶ 33} R.C. 1345.09(F) provides that a prevailing party under the CSPA may recover reasonable attorney fees if the consumer's action was groundless and brought or maintained in bad faith or if the supplier knowingly violated the act.[14]
 {¶ 34} Although we determined that the record does not support a deception claim under the CSPA, we do not necessarily conclude Davis's action is groundless or she proceeded in bad-faith. The record reveals an insufficient legal basis to support her claim; however, the record does not indicate Davis brought this action for any purpose other than pursuing her perceived rights under the CSPA. Accordingly, Davis's second assigned error has merit.
Judgment affirmed in part and reversed in part, and cause remanded for proceedings consistent with this opinion.
This cause is affirmed in part and reversed in part.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id., citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 292.
[6] Id. at 293.
[7] Civ.R. 56(E); See Dresher.
[8] Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326,334-335, quoting Funk v. Montgomery AMC/Jeep/Renault (1999),66 Ohio App.3d 815, 823; Novak v. Earl Oldsmobile, Inc. (Apr. 25, 1991), Cuyahoga App. No. 58411.
[9] Id. at 5.
[10] The exhibits include the advertisement which prompted Davis to contact Axelrod, a purchase agreement, a Truth-in-Lending disclosure, a used car buyers guide, a delivery checklist, an odometer disclosure statement, an agreement to provide insurance, a certificate of title, and a dealer credit application.
[11] (July 26, 1999), Clermont App. No. CA99-01-017.
[12] Brzezinski v. Feuerwerker, Cuyahoga App. No. 74288, 2000-Ohio-2686, citing Chegan v. AAAA Continental Heating, AirConditioning, and Bldg. (Nov. 24, 1999), Cuyahoga App. No. 75190.
[13] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257 (Citations omitted).
[14] See Parker v. IF Insulation, Co., Inc. (2000), 89 Ohio St.3d 261,263.