OPINION
{¶ 1} Defendant-appellant, Velva Dunn, appeals from a judgment of the Franklin County Municipal Court awarding to plaintiff-appellee, Nancy Ridenour, $1,000 in attorney fees, following that court's entry of judgment in favor of appellee in the underlying landlord-tenant action. For the following reasons, we reverse.
 {¶ 2} Appellee leased a condominium from appellant pursuant to a lease agreement that provided for payment of monthly rent in the amount of $850. Appellee also paid a security deposit in the amount of $850. Appellee vacated the premises roughly one month prior to the expiration of her lease and paid no rent after the date she left the premises. Thereafter, appellant refused to return appellee's security deposit, whereupon appellee filed a complaint seeking return of her entire security deposit, plus damages in the amount wrongfully withheld, pursuant to R.C.5321.16(C).
 {¶ 3} Prior to trial, appellant made two settlement offers, both of which appellee rejected. After a four-day trial, the court found that appellee had breached the lease agreement because she acted without legal authority to vacate the premises early. The court further found that appellant wrongfully withheld only $255 of the security deposit. It thus entered judgment in favor of appellee in that amount, plus statutory damages of an additional $255, for a total judgment of $510.
 {¶ 4} Appellee moved the court for an award of attorney fees pursuant to R.C. 5321.16(C). Specifically, appellee sought fees in the amount of $4,216.50. The court referred the matter for a hearing before a magistrate. Following this hearing, the magistrate filed a decision awarding $1,000 in attorney fees. While the decision consists of two full pages of text, the magistrate distilled his reasoning for the award of $1,000 as follows:
Applying the reasoning of Smith v. Padgett, the factors set forth in DR2-106 of the Code of Professional Responsibility, and the testimony of plaintiff's counsel and that of his expert witness Eric Willison, the magistrate concludes $1,000 represents a reasonable amount of attorney fees. The award amount recognizes plaintiff's partial success on her security deposit claim while acknowledging her failure to prove the rest of her claims.
(Emphasis sic.)
 {¶ 5} Appellant filed objections to the magistrate's decision. By decision filed June 27, 2003, the trial court overruled appellant's objections. First, the court rejected appellant's argument that the attorney fee award should be limited to an amount not to exceed $375, which is the most appellee said she will have to pay her attorney, pursuant to their fee arrangement. Second, the court stated as follows:
The Court has reviewed the Objection and memoranda in response, the partial transcript of the May 13, 2002 hearing and the Magistrate's Decision. The Court finds that the magistrate has supported his decision with sufficient findings of fact for the court to make an independent analysis of the material legal issues. Specifically, the magistrate explained in the decision that he considered the factors set forth in DR2-106, that he recognized that plaintiff had been only partially successful but that plaintiff should not be penalized for that failure. The amount of attorney fees, $1,000.00, is less than 25% of the total fees requested and bears a reasonable relation to the successful prosecution of a judgment amount of $510.00. The magistrate's decision contains sufficient reasoning to support the award.
(Emphasis sic.)
 {¶ 6} Following journalization of the trial court's decision, and its award of $1,000 in attorney fees, appellant timely appealed. She asserts three assignments of error for our review, as follows:
A. AN AWARD OF ATTORNEY FEES UNDER 5321.16
Must contain adequate reasoning as to the amount per hour and the number of hours necessary, otherwise the award is arbitrary and unlawful. Parks v. Kanani (March 21, 2002), Franklin App. No. 01AP-905. Contrary to the holding in Parks v. Kanani, The magistrate and the municipal court failed to give adequate reasoning for awarding $1000 in attorney fees.
B. Appellant's settlement offers — coupled with the very low award of a security deposit refund of $255 — was briefed to the court, but ignored in its decision and entry, and should have operated to defeat and/or limit the claim for attorney fees.
C. A statutory award of attorney fees may only be paid in relation to what the plaintiff actually pays or is obligated to pay their attorney. the trial court's contingent fee characterization and approval was in error.
 {¶ 7} In her first assignment of error, appellant argues that the trial court abused its discretion in failing to adequately explain the reasons underlying its award of attorney fees, pursuant to the requirements laid out by the Supreme Court of Ohio, and by this court in Parks v. Kanani (Mar. 21, 2002), Franklin App. No. 01AP-905.
 {¶ 8} R.C. 5321.16(C) provides, "[i]If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable
attorneys fees." (Emphasis added.) The Supreme Court of Ohio has held that, in fixing the amount of attorney fees to be awarded to a successful R.C. 5321.16(B) claimant, the trial court shall determine the same based upon the evidence presented, but the award must relate solely to the fees attributable to the tenant's security deposit claim. Smith v. Padgett (1987),32 Ohio St.3d 344, 513 N.E.2d 737, paragraph four of the syllabus.
 {¶ 9} In determining what is "reasonable" the trial court must first determine the number of hours reasonably expended on the case times a reasonably hourly rate; this provides a useful "objective basis on which to make an initial estimate of the value of a lawyer's services." Bittner v. Tri-County Toyota,Inc. (1991), 58 Ohio St.3d 143, 145, 569 N.E.2d 464. The court may then modify this amount by any pertinent factors listed in DR 2-106(B) of the Ohio Code of Professional Responsibility. Ibid. All factors may not apply in all cases, and the trial court has the discretion to decide which factors to apply and in what manner its application will affect the initial calculation. Id. at 145-146.
 {¶ 10} The trial court must not only conduct the aforementioned analysis of the evidence presented, and the particular circumstances of the case in light of any applicable DR 2-106(B) factors, but in cases where the amount recovered is small compared to the attorney fees assessed, the court must give adequate reasoning as to how it arrived at the specific amount of the award. Parks v. Kanani (Mar. 21, 2002), Franklin App. No. 01AP-905.
 {¶ 11} In the present case, appellee's attorney's efforts yielded judgment of $225 for return of the wrongfully withheld portion of her security deposit, plus an additional $225 in statutory damages. The attorney fees awarded amounted to nearly four times the amount that appellant was determined to have wrongfully withheld, and almost double the total damages to which appellee is entitled to collect. On its face, we cannot say that the attorney fee award is an abuse of this court's discretion, but it is sufficiently disproportionate to the damages obtained that it raises the question whether it is "reasonable" pursuant to R.C. 5321.16(C). Because the trial court did not sufficiently set forth the method by which it arrived at the conclusion that the $1,000 award was appropriate, we are unable to determine the amount of the trial court's initial objective figure (based on a reasonable number of hours and a reasonable hourly rate), and we are unable to determine which of the DR 2-106(B) factors the court applied, and how the court applied them.
 {¶ 12} Under the circumstances of this case, the court should have provided a more specific and detailed explanation of the manner in which it arrived at the $1,000 attorney fee award. Accordingly, we sustain appellant's first assignment of error and remand this matter for the trial court to provide further findings regarding this amount, or, if the court, upon further consideration of the current record, decides to change the amount of the award, to give its reasons for choosing that specific amount.
 {¶ 13} In her second assignment of error, appellant argues that evidence that she made two pretrial settlement offers to appellee, both of which were rejected, should be taken into consideration in the fixing of the attorney fee award. Essentially, appellant argues that the court should have concluded that appellee's rejections were unreasonable, and that these unreasonable rejections rendered any attorney fees incurred thereafter to be not rationally related to the amount wrongfully withheld from appellee's security deposit. Thus, appellant reasons, pursuant to the syllabus of Smith v. Padgett, these subsequently incurred fees are not "reasonable" for purposes of R.C. 5321.16(C). Put slightly differently, appellant argues that appellee's attorney fee award should be curtailed by an amount equal to the amount by which she failed to mitigate the fees she incurred.
 {¶ 14} The Supreme Court of Ohio has set forth a useful and flexible formula for determining a reasonable award of attorney fees. It has included therein both a method for calculating an objective "starting point" (a reasonable number of hours times a reasonable hourly rate) and a list of appropriate considerations to be utilized in any deviation therefrom. See Bittner v.Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143,569 N.E.2d 464. For two reasons, we decline appellant's invitation to add "the reasonableness of the prevailing party's rejection of settlement offers" to this list.
 {¶ 15} First, the unreasonable rejection of good-faith settlement offers may well be subsumed under the factors contained in DR 2-106(B)(1) and (4).[1] If unreasonable rejection of a good-faith settlement offer results in an unreasonable total number of hours required, given the ultimate result achieved, then this might properly be taken into account by a trial court. But this will only be an appropriate inquiry in cases where the trial court feels it has sufficient facts before it to assess whether a settlement offer was made in good faith, whether its rejection was objectively reasonable, and what percentage of the total fees sought was incurred after such rejection. It should be the trial court in each individual case that decides whether and to what extent to engage in this analysis. See Bittner, supra, at 145-146.
 {¶ 16} The trial court in the present case did not discuss appellant's settlement rejection argument. This may be an implicit rejection of the argument; however, it will be for the trial court to determine, upon remand, whether consideration of appellee's rejections of appellant's settlement offers should enter into any analysis under the DR 2-106 factors in which the trial court might engage. However, we will not mandate that the trial court undertake such an analysis. As noted earlier, that decision is committed to the sound discretion of the trial court.
 {¶ 17} In consideration of the foregoing discussion, appellant's second assignment of error is overruled.
 {¶ 18} In her third assignment of error, appellant argues that the highest attorney fee award to which appellee is entitled is the amount appellee admitted is the most she will be required to pay her attorney, in this case, $375. This argument is without merit.
 {¶ 19} As the Sixth Appellate District cogently explained when it was presented with the same argument advanced herein by appellant:
[T]he language of R.C. 5321.16 does not restrict the trial court's ability to award attorney fees in cases where tenants have obtained legal representation at little or no cost. Such a limitation would allow landlords to arbitrarily benefit from the "fortuitous circumstance" of a tenant's inability to afford a private attorney.
Chaney v. Breton Builder Co., Ltd. (1998),130 Ohio App.3d 602, 607-608, 720 N.E.2d 941, citing Lewis v. Romans (1980),70 Ohio App.2d 7, 9, 433 N.E.2d 622.
 {¶ 20} Appellant herein has not and cannot demonstrate why she, as a landlord who has been determined to have wrongfully withheld a portion of appellee's security deposit, should benefit from the "fortuitous circumstance" of the particular arrangement that may exist between appellee and her trial counsel. Pursuant to R.C. 5321.16, appellant will be required to pay any attorney fees that the trial court, on remand, lawfully and in the exercise of its discretion, determines to be reasonable. This is true regardless of the details of appellee's fee agreement with her attorney. Appellant's third assignment of error is overruled.
 {¶ 21} For all of the foregoing reasons, appellant's first assignment of error is sustained and her second and third assignments of error are overruled. The judgment of the Franklin County Municipal Court granting appellee attorney fees is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part; reversed in part; cause remanded.
Bowman and Petree, JJ., concur.
[1] These factors are, "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly," and "(4) The amount involved and the results obtained."