[Cite as *Tillimon v. Richardson-Long*, 2017-Ohio-140.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane Tillimon                                    Court of Appeals No. L-16-1055

          Appellant                               Trial Court No. CVG-15-18396

v.

Victoria Richardson Long, et al.          **DECISION AND JUDGMENT**

          Appellees                               Decided:   January 13, 2017

* * * * *

Duane J. Tillimon, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal of the judgment of the Toledo Municipal Court, Housing Division, awarding appellant, Duane Tillimon, $247.58 in damages against appellees, Victoria Richardson-Long and Mark Long, for breach of their lease agreement. For the reasons that follow, we affirm, in part, and reverse, in part.

## I. Facts and Procedural Background

{¶ 2} Appellant and appellees entered into a two-year lease agreement on September 1, 2013, for residential property owned by appellant at 14 Van Buren Ave., Toledo, Ohio. On August 31, 2015, the lease automatically renewed for another year pursuant to the terms of the agreement. Appellees moved out in October 2015.

{¶ 3} On November 30, 2015, appellant filed a complaint for money damages against appellees. Appellant alleged that he was entitled to payment for the October 2015 rent, water and sewer charges from July 8, 2015, and for repairs to the property beyond normal wear and routine maintenance. Appellees did not assert any counterclaims or affirmative defenses.

{¶ 4} The matter proceeded to a trial on February 8, 2016, wherein all the parties testified. Thereafter, on February 18, 2016, the trial court entered its judgment awarding appellant $750 in rent for October 2015, $261.42 for an unpaid water bill, $91.16 for cleaning services, and $95.00 for damage to the garage door. The trial court then applied the security deposit of $650, and credited appellees $300 for a payment they made to repair a frozen pipe, to reach a total judgment amount of $247.58 plus court costs.

{¶ 5} On February 22, 2016, appellant filed a motion for a new trial pursuant to Civ.R. 59, and a motion for relief from judgment pursuant to Civ.R. 60(B). In those motions, appellant contested the trial court's failure to award an additional $1,629.16 in damages. The trial court denied those motions on March 15, 2016.

2.

## II. Assignments of Error

{¶ 6} Also on March 15, 2016, appellant appealed the trial court's February 18, 2016 judgment. Appellant later amended his appeal to include the trial court's March 15, 2016 judgment. Appellant now asserts the following six assignments of error for our review:

1. The trial court committed reversible error, and abused its discretion, by denying damages because a property street address was not listed on cash register receipts when, in fact, a property street address was on the cash register receipts and therefore the judgment was against the manifest weight of the evidence, and the appellant should have been granted relief from judgment.

2. The trial court committed reversible error, and abused its discretion, by requiring that a street address be written on the cash register receipts for materials and/or labor when the judgment denying damages was against the manifest weight of the evidence based upon the testimony of witnesses and documents introduced into evidence.

3. The trial court committed reversible error, and abused its discretion, by denying damages corroborated by invoices delivered by e-mail delivery, and therefore the judgment was against the manifest weight of the evidence.

4. The trial court committed reversible error, and abused its discretion, by not awarding damages (for) cleaning up the house, garage,

3.

and yard, and hauling the trash away, and such denial was against the manifest weight of the evidence.

5. The trial court committed reversible error, and abused its discretion, by denying the judgment for repairs to the waterline, and by not allowing the appellant to testify regarding his expertise regarding why the waterline froze, such denial being against the manifest weight of the evidence and the trial court erred, and abused its discretion, by awarding appellees a judgment for repairs when it froze a second time a year later when appellees filed no counterclaim and presented no testimony.

6. The court committed reversible error, and abused its discretion, by denying the appellant's motion for a new trial.

### III. Analysis

{¶ 7} In his first five assignments of error, appellant challenges the findings of the trial court following a bench trial. "In a bench trial, the trial court assumes the fact-finding function of the jury." *Davis v. Hawley Gen. Contr., Inc.*, 2015-Ohio-3798, 42 N.E.3d 276, ¶ 16 (6th Dist.), quoting *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125, ¶ 16 (8th Dist.). We review the trial court's findings under a manifest weight of the evidence standard. *Id.* The manifest weight standard is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. Thus, "[t]he [reviewing] court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created

4.

such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Id.* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3.

{¶ 8} In his first and second assignments of error, appellant contends that the trial court erred when it failed to award him additional damages for cleaning and repairs to the property. Specifically, appellant lists receipts for $145.00 for carpet cleaning, $61.59 for cleaning and repair supplies, $20.77 for film and photographs of the damage to the property, and $71.79 for replacement of personal property that was included in the lease. Notably, paragraph No. 19 of the lease agreement makes the tenant responsible for routine maintenance, defined as anything costing less than $100 for parts or materials.

{¶ 9} In its judgment entry, the trial court denied these charges on the grounds that the receipts provided by appellant did not list the property address, and therefore appellant did not prove that the receipts were for the residence at issue. Additionally, the court denied the claim for carpet cleaning, reasoning that it was attributable to normal wear and tear due to appellees having resided in the residence for two years.

{¶ 10} As to the trial court's finding regarding the claim for carpet cleaning, we find that it is not against the manifest weight of the evidence. "[A] landlord may not unilaterally deduct the cost of carpet cleaning from a tenant's security deposit, without an itemization setting forth the specific need for such a deduction." *Chaney v. Breton Builder Co.*, 130 Ohio App.3d 602, 605, 720 N.E.2d 941 (6th Dist.1998). Here, appellant testified at trial that "The carpets needed cleaning after they vacated the house. I hired

5.

Elite Carpet Cleaning to do the carpet cleaning and linoleum cleaning in the kitchen. They charged me $145." Appellant did not, however, testify as to any abnormally dirty or stained carpet, and the photos he submitted do not clearly support such testimony. Therefore, we hold that the trial court's finding that the need for carpet cleaning was a result of normal wear and tear is not against the manifest weight of the evidence. *See Chaney* at 605-607 (upholding trial court's finding of normal wear and tear where tenants testified and submitted pictures demonstrating that the carpet was not dirty when they moved out, but where leasing agent testified that while the carpet had no unusual stains or marks, it was sufficiently dirty to justify a professional cleaning).

{¶ 11} As to the remaining items, we find that this is the exceptional case where the trial court's judgment is against the manifest weight of the evidence. Here, appellant testified that he purchased materials to repair the residence. Appellant further provided receipts in support of his testimony. Appellees did not cross-examine appellant on those charges, and did not provide any evidence to the contrary. In its decision, the trial court reasoned that the receipts did not have the property address on them. However, appellant's testimony is sufficient to establish that the receipts pertain to the residence at issue. Because there is no contradictory evidence in this case, we hold that the only reasonable conclusion is that the receipts pertain to the property at issue, and the trial court's failure to award $154.15 in damages based on those receipts is against the manifest weight of the evidence.

{¶ 12} Accordingly, appellant's first and second assignments of error are well-taken, in part.

6.

**{¶ 13}** In his third assignment of error, appellant challenges the trial court's failure to award him $20 for having the lawn mowed, and $91.16 to have a tree branch trimmed.

**{¶ 14}** Regarding the $20 lawn mowing charge, the trial court found that appellant provided an email, not an invoice, and thus did not prove that the work was actually done. Here, the email from jon.hockenberry@----.com stated that the person "cut 14 Van buren. $20." Further, appellant testified that he had the grass mowed, and paid John Hockenberry $20 to mow the lawn. Appellees did not cross-examine appellant on this issue or provide any evidence in opposition. Therefore, we hold that the trial court's finding that appellant did not prove that he had the lawn mowed is against the manifest weight of the evidence.

**{¶ 15}** Turning to the charge for tree trimming, appellant testified that he first gave appellee, Victoria Richardson-Long, $75 to cut down a limb that was hitting the house and gutters. When she did not, he hired Great Lakes Gutter Filters to make the repair, and Great Lakes Gutter Filters charged him $91.16. On cross-examination, he was asked:

Q: Mr. Tillimon, the guy that cut down the trees, did he not call you?

A: No.

Q: And you -- the guy who cut down the tree called you, did he not call you and you called me and said I'll give you the $75 and you can pay him once the job is done?

A: Correct, I gave you $75.

In addition to the testimony, appellant submitted a letter that he sent to appellees on October 13, 2015, in which he stated, in part, "I have completed the cleaning and repairs to the house at 14 Van Buren except for the following: 1. Trimming tree branches off roof of house. I paid you $75.00 to have this work completed. Apparently, you paid your friend the $75.00 before he completed the work. The branches hitting the house and the roof were never trimmed." Appellant also submitted an email chain from Great Lakes Gutter Filters, which indicates on October 15, 2015, that an invoice for $91.16 was sent to appellant, however, as of November 14, 2015, the work had not been completed but that Great Lakes Gutter Filters planned to do it in the next three weeks.

{¶ 16} The trial court found that the email from Great Lakes Gutter Filters—which the court also noted was not an invoice—did not prove that the work was actually completed. Further, the court found that appellant did not provide any proof as to when he paid appellees $75 other than his own testimony. Thus, the trial court found appellant's claim for reimbursement not well-taken.

{¶ 17} Upon review, we note that appellees have not asserted that the tree was never trimmed, and appellant testified that Great Lakes Gutter Filters "charged me $91.16 to cut the tree branch." Thus, we hold that the trial court's finding that the work was not done is against the manifest weight of the evidence.

{¶ 18} Accordingly, appellant's third assignment of error is well-taken, and he is entitled to $111.16 for having the lawn mowed and the tree branch trimmed.[1]

---

[1] Notably, appellant seeks an additional $75.00 for the money that he paid to appellees. However, appellant agreed to pay appellees to trim the branch. When they did not, he

8.

{¶ 19} In his fourth assignment of error, appellant argues that he is entitled to $200.00 for his labor for cleaning up the house, garage, and yard, and hauling the trash away. Pursuant to Paragraph No. 24, section 3, of the lease agreement, "Charges for worked (sic) performed by the Landlord shall be at the rate of $25.00 per hour plus the actual amount paid for materials." At the trial, appellant testified that the driveway was piled full of garbage when appellees vacated the premises. He informed appellees that they could call Republic Services and schedule an unlimited pickup at no cost. Appellant testified that appellee, Victoria Richardson-Long, called and scheduled the pickup while he was there, but that no one put the trash on the curb, thus Republic Services had nothing to pick up. Appellant testified that it took him six hours to load and haul the garbage to dispose of it in his dumpster. Appellant also testified that he repaired the bathroom cabinet mirror and cleaned out the garage. He submitted an invoice as evidence, which detailed that he spent one hour fixing the medicine cabinet mirror, one hour moving trash out of the garage and sweeping the garage, and six hours hauling the trash in two loads to his dumpster. Appellees did not contest the charge for the garbage, but did testify that the mirror was already broken when they moved in.

{¶ 20} In its entry, the trial court found that the repairs can be attributed to normal wear and tear, and thus found appellant's claim not well taken. Regarding the claim for the mirror, we find that the trial court's judgment is not against the manifest weight of the evidence as there is at least some testimony suggesting that the mirror was already

hired a company to perform the service. Thus, appellant is entitled to the cost of having the work done by the company. He is not entitled to have the work done for free, as would be the case if appellees were ordered to also reimburse the $75.00.

9.

broken. However, regarding the claim for the trash removal, we find that the judgment is against the manifest weight of the evidence in that two truckloads of garbage does not constitute normal wear and tear. *See Bailey v. Fairchild*, 2d Dist. Champaign No. 10CA10, 2010-Ohio-5750, ¶ 40 (testimony that trash was left out front necessitating renting a dumpster for $85 was competent, credible evidence to support an award for damages beyond normal wear and tear).

{¶ 21} Accordingly, appellant's fourth assignment of error is well-taken, in part, and he is entitled to $175.00 for his labor in removing the garbage.

{¶ 22} In his fifth assignment of error, appellant argues that the trial court erred when it failed to award him $1,000 for repairs to a waterline that froze and burst, and when it credited appellees $300 for a separate repair to a frozen waterline. At trial, appellant testified that the waterline froze and the pipe burst because appellees failed to close vents in the crawl space. Appellant submitted an invoice from American Sewer and Plumbing Service for $1,000 dated January 3, 2014, for the service. Appellees testified that the pipes burst twice, in two consecutive winters, and they hired Mr. Plumber to fix the problem. They testified that Mr. Plumber told them that there needed to be heating tape over the pipes, and appellees implored appellant to put some insulation around the pipes in the crawl space. Appellees submitted a receipt from Mr. Plumber for $300 dated January 9, 2015. In rebuttal, appellant testified that insulation would not have prevented the pipes from freezing, but that closing the crawl space vents would have. Appellant attempted to explain the problem further, but the trial court cut off his testimony, stating, "No, I don't want you to display your expertise. I just need the facts of this case. I don't

10.

need to hear that history.  * * * No, I do not wish to hear that testimony.  Go on, finish your rebuttal testimony."

{¶ 23} In its judgment entry, the trial court found that the receipt submitted by appellant did not have a property address on it, and further there is no evidence that appellees caused the damage to the waterline.  Thus, the court denied appellant's claim for $1,000.00.  In addition, the court found that appellees submitted a detailed receipt for the $300.00 repair that did list the property address.  Therefore, the court found appellees "request for reimbursement of the repair well taken in the amount of $300.00."

{¶ 24} On appeal, appellant argues that the court erred in failing to award him $1,000 for fixing the frozen waterline, and in preventing him from offering further testimony as to the cause of the problem.  Additionally, appellant contends that the court erred in awarding appellees $300 because they did not file a counterclaim for the payment, nor did they raise the issue as an affirmative defense.  Appellant also argues that appellees never testified about the receipt that they entered into evidence.  Notably, however, Victoria testified:

> Last year when the -- well, in 2014 when the plumbing had busted, Mr. Plumber told us that we needed to have the landlord to put heating tape over the pipes.  He never put heating tape over the pipes.  I called him three days before the pipe rebusted the following year.  I told him that the pipes had frozen.  He said, well there's nothing he can do about it.  Three days had went by, the pipes had busted.  I had to -- me and my husband and the

11.

kids went and stayed in a motel. He said he wasn't going to pay, so I had to pay once again to fix up his property again out of my pocket.

And when submitting the evidence, Victoria stated, "And these are -- this is our lease agreement, and this is where I replaced his property."

{¶ 25} Upon review, we find appellant's arguments to be without merit. Pursuant to R.C. 5321.04(A)(2), appellant is required to "Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." Even if appellant were permitted to testify at length about the cause of the pipes bursting, to the extent that appellant constructed a rental property that requires crawl space vents to be opened or closed in order to prevent pipes from freezing, appellant is obligated to manage the properties to ensure those vents are properly operated.[2] Therefore, we do not find that the court's decision to credit appellees $300 for repairs to the frozen pipes, and to not award appellant $1,000 for similar repairs to be against the manifest weight of the evidence.

{¶ 26} Accordingly, appellant's fifth assignment of error is not well-taken.

{¶ 27} Finally, in his sixth assignment of error, appellant argues that the trial court erred when it denied his motion for new trial, claiming that the trial court judge does not like him and is biased against him. However, an appellate court may not void rulings made by the trial court on grounds that the trial court exhibited bias or prejudice. *Parker v. Elsass*, 10th Dist. Franklin Nos. 01AP-1306, 02AP-15, and 02AP-144, 2002-Ohio-

---

[2] We further note that opening and closing the crawl space vents is not included in the lease agreement as part of "Routine Maintenance/Damages."

12.

3340, ¶ 21. "[T]he trial court's alleged violations of the Code of Judicial Conduct are not cognizable on appeal." *Id.*, citing *Szerlip v. Szerlip*, 5th Dist. Knox No. 01CA09, 2002-Ohio-2541, ¶ 18.

{¶ 28} Accordingly, appellant's sixth assignment of error is not well-taken.

## IV. Conclusion

{¶ 29} For the foregoing reasons, the judgment of the Toledo Municipal Court, Housing Division, is affirmed, in part, and reversed, in part. Pursuant to our authority under App.R. 12(C)(1), we hereby modify the trial court's February 18, 2016 judgment to award appellant an additional $440.31, for a total judgment of $687.89 plus court costs against appellees. The parties are ordered to split the costs of this appeal evenly pursuant to App.R. 24.

Judgment affirmed, in part
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE
Arlene Singer, J.

_____
James D. Jensen, P.J.                                             JUDGE
CONCUR.

_____
JUDGE